**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Isaias S. Montano, Jr.,<br><br>         Plaintiff,<br><br>vs.<br><br>United States District Court District of Nevada Financial Litigation Unit,<br><br>         Defendant. | **2:24-cv-01419-JAD-MDC**<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Isaias S. Montano Jr. is ordered to show cause as to why this action should not be dismissed for failure to complete service upon the defendant.

Although proceeding *pro se*, plaintiff is not proceeding *in forma pauperis*. Plaintiff paid the filing fee; therefore, the Court did not issue a screening order. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Salat v. County of Sacramento*, 2015 U.S. Dist. LEXIS 89314, at *2 citing to 28 U.S.C. § 1915(e)(2)(B) and *Bardes v. Magera*, 2008 U.S. Dist. LEXIS 49289, 2008 WL 2627134 10 (D.S.C. 2008) (finding that it is error to screen a non-prisoner pro se plaintiff's complaint when the plaintiff pays the filing fee).

Plaintiff initiated this action on August 2, 2024, by filing his Complaint and paying the filing fee. ECF No. 1. Thus, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to complete service of the summons and Complaint was October 31, 2024. *See* Fed. R. Civ. P. 4(m) (requiring service to be completed within 90-days of filing the Complaint).

The Court notes that summons has not been issued for this case. However, Rule 4(b) makes it clear that a proposed summons is needed in order to issue the summons. *See* Fed. R. Civ. P. 4(b). Plaintiff did not provide a proposed summons; thus the Clerk's Office was unable to issue summons in this matter. Plaintiff is reminded that pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable  than parties with attorneys of record"); *Carter v. Comm'r*

*of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). Plaintiff is also reminded that it is his duty to move the case towards disposition on the merits. *See Allen v. Bayer Corp.* (*In re: Phenylpropanolamine*), 460 F.3d 1217, 1228 (9th Cir. 2006).

Additionally, plaintiff has not filed a Certificate of Interested parties required by Local Rule 7.1-1. Plaintiff was noticed on August 12, 2024, that such Certificate was required. *See* ECF No. 3. Plaintiff has an obligation to comply with the Court's rules and the duty to monitor his case for any actions that may be required by the Court.

The Court will give plaintiff an opportunity to show cause and explain his failure to move his case along. Plaintiff must file the Certificate of Interested parties by January 27, 2025. Plaintiff is also directed to complete and file a proposed summons for the named defendant. If properly completed, the Clerk's Office will issue summons on the defendant. The plaintiff will then be responsible for timely serving the summons and the Complaint on the defendant. *See* Fed. R. Civ. P. 4(c), (m).

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff must show cause by no later than **February 14, 2025**, as to why his case should not be dismissed pursuant to Rule 4(m) for failure to complete service.

2. The Clerk of Court is kindly directed to send to plaintiff a copy of the proposed summons form.

3. Plaintiff must complete and file the proposed summons by no later than **February 14, 2025**.

4. Plaintiff must file a Certificate of Interested parties in compliance with Local Rule 7.1-1 by **January 27, 2025.**

5. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 13th day of January 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.