UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Isaias S. Montano, Jr., | **2:24-cv-01419-JAD-MDC** |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| United States District Court District of Nevada Financial Litigation Unit, | |
| Defendant(s). | |

This case is nearly a year-old with no service having been completed. For the reasons stated below, I recommend dismissing this case without prejudice.

**DISCUSSION**

The Federal Rules of Civil Procedures require that service of the summons and complaint be completed within 90-days of filing the Complaint. *See* Fed. R. Civ. P. 4(m). Plaintiff initiated this action on **August 2, 2024**, by filing a Complaint and paying the filing fee for a civil action. *See* ECF No. 1. Therefore, proof of service was due on **October 31, 2024**. *See* Fed. R. Civ. P. 4(m) (requiring service to be completed within 90-days of filing the Complaint). I noted that summons had not been issued for this case and directed plaintiff to complete the proposed summons form. *ECF No. 8.* To date, plaintiff has neither completed the form, nor has service been completed.

Plaintiff was advised that he needed to timely complete service on several occasions. *See* ECF Nos. 2, 3, 8. Plaintiff's *pro se* status is no excuse for failing to comply. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Plaintiff has failed to comply with his duty to move the case towards disposition on the merits. *See Allen v. Bayer Corp.* (*In re: Phenylpropanolamine*), 460 F.3d 1217, 1228 (9th Cir. 2006) (plaintiff is obligated to move the case diligently towards disposition).

District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v.*

*Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The Court has an interest in moving the litigation forward, however, plaintiff's noncompliance impedes the court's ability to do so. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

While the fifth factor requires courts to consider less drastic alternatives, courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternative." *Henderson*, 779 F.2d at 1424. The only alternative is to enter an order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these

circumstances. Because dismissal would be without prejudice, it stops short of using the harshest

sanction of dismissal with prejudice.  The fifth factor favors dismissal.


ACCORDINGLY,

**I RECOMMEND** that this case be dismissed without prejudice for failing to file proof of

service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.


DATED this 21st day of July 2025.

IT IS SO RECOMMENDED.

_____

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may

result in dismissal of the action.