UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Isaias S. Montano, Jr.,<br><br>　　　　Plaintiff<br><br>vs.<br><br>United States District Court District of Nevada Financial Litigation Unit,<br><br>　　　　Defendant | Case No. 2:24-cv-01419-JAD-MDC<br><br>**Order Adopting Report and Recommendation and Dismissing Case**<br><br>ECF No. 10 |

On 7/21/25 the magistrate judge entered this report and recommendation [ECF No. 10]:

　　　　This case is nearly a year-old with no service having been completed. For the reasons stated below, I recommend dismissing this case without prejudice.

**DISCUSSION**

　　　　The Federal Rules of Civil Procedures require that service of the summons and complaint be completed within 90-days of filing the Complaint. *See* Fed. R. Civ. P. 4(m). Plaintiff initiated this action on **August 2, 2024**, by filing a Complaint and paying the filing fee for a civil action. *See* ECF No. 1. Therefore, proof of service was due on **October 31, 2024**. *See* Fed. R. Civ. P. 4(m) (requiring service to be completed within 90-days of filing the Complaint). I noted that summons had not been issued for this case and directed plaintiff to complete the proposed summons form. *ECF No. 8.* To date, plaintiff has neither completed the form, nor has service been completed.

　　　　Plaintiff was advised that he needed to timely complete service on several occasions. *See* ECF Nos. 2, 3, 8. Plaintiff's *pro se* status is no excuse for failing to comply. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Plaintiff has failed to comply with his duty to move the case towards disposition on the merits. *See Allen v. Bayer Corp.* (*In re: Phenylpropanolamine*), 460 F.3d 1217, 1228 (9th Cir. 2006) (plaintiff is obligated to move the case diligently towards disposition).

　　　　District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v.*

*Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The Court has an interest in moving the litigation forward, however, plaintiff's noncompliance impedes the court's ability to do so. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

While the fifth factor requires courts to consider less drastic alternatives, courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternative." *Henderson*, 779 F.2d at 1424. The only alternative is to enter an order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these

circumstances. Because dismissal would be without prejudice, it stops short of using the harshest sanction of dismissal with prejudice. The fifth factor favors dismissal.

ACCORDINGLY,

**I RECOMMEND** that this case be dismissed without prejudice for failing to file proof of service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

DATED this 21st day of July 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## ORDER

The deadline for any party to object to this recommendation was August 4, 2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 10] is ADOPTED** in its entirety, and **this case is DISMISSED**. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 6, 2025